UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
MARIO GOMEZ, et al.,

       Plaintiffs,                         15 CV 3452 (SJ) (PK)

      v.                                     **MEMORANDUM AND ORDER**

DYNASERV INDUSTRIES, INC.,

       Defendant.

-------------------------------------------------X
A P P E A R A N C E S

DAVID ABRAMS
P.O. Box 3353
Church Street Station
New York, NY 10008
*Attorney for Plaintiffs*

ALI LAW GROUP, P.C.
775 Park Avenue
Suite 225
Huntington, NY 11743
By:    Sima Asad Ali
*Attorneys for Defendant*

JOHNSON, U.S.D.J.:

      On June 15, 2015, plaintiffs Mario Gomez ("Gomez") and Javier Cortez ("Cortez") filed the instant action against defendant Dynaserv Industries

1

("Defendant" or "Dynaserv"), a New York corporation engaged in the business of bus shelter maintenance. The complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq (Gomez and Cortez will collectively be referred to as "Plaintiffs"). On November 20, 2015, Dynaserv filed a motion to dismiss the complaint, arguing both that Dynaserv is not subject to the requirements of the FLSA and that Plaintiffs are exempt from coverage under the FLSA.

In response to the motion to dismiss, Plaintiff filed motion to amend the complaint. The proposed amended complaint attempts to cure the jurisdictional defects of the initial complaint. Specifically, the amended complaint alleges that Dynaserv operates in interstate commerce, employs at least 80 workers, and typically brings in at least $2,000,000 in revenue each year. Dynaserv opposes the proposed amendment of the complaint as futile.

Based on the submissions of the parties, and for the reasons stated below, the motion to dismiss is denied with leave to renew and the motion to amend is denied with leave to renew.

**DISCUSSION**

Motion to Amend

Federal Rule of Civil Procedure 15(a) governs motions to amend. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc., -- the leave sought should be . . . freely given.

Forman v. Davis, 371 U.S. 178, 182 (1962).

In this case, Dynaserv argues that the amendment would be futile for two reasons. First, Dynaserv claims that Plaintiffs are FLSA exempt. Second, Dynaserv asks the Court to hold that, in any event, Plaintiffs failed to allege unpaid overtime work with sufficient particularity. Thus, both motions turn on the merits of the action.

1. FLSA Exemptions

Dynaserv primarily argues that because Gomez refers to himself in the proposed amended complaint as a "manager," and Cortes a "supervisor," they are both exempt from the FLSA's overtime requirements under the executive

exemption.  See 29 U.S.C. § 213(a)(1).  However, "because the FLSA is a remedial act, its exemptions, such as the 'bona fide executive' exemption claimed in this case, are to be narrowly construed."  Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir. 1991) (quoting Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960); Mitchell v. Lublin, McGaughty & Assocs., 358 U.S. 207, 211 (1959)).  The exemption is an affirmative defense that may only form the basis for a Rule 12(b)(6) dismissal if it "appears on the face of the complaint."  Pani v. Blue Cross Blue Shield, 15 F.3d 67, 74 (2d Cir. 1998).

For FLSA purposes, an "executive" is any employee (1) who is compensated at least $455 per week on a salary basis; (2) whose primary duty is management of the enterprise; (3) who customarily directs the work of two or more other employees; and (3) who either has the authority to hire and fire or whose recommendations as to same are given "particular weight."  29 C.F.R. § 541.100(a).

The proposed amended complaint uses the terms "manager" and "supervisor" without any indication as to whether these plaintiffs meet the requirements of the above-defined regulation.  Thus, defendants cannot ask the court to dismiss according to that affirmative defense.  It is not satisfied, as "[t]he determination of whether an employee is exempt from the overtime requirements of the FLSA is a 'highly fact intensive inquiry that must be made on a case-by-case basis in light of the totality of the circumstances.'"  Scott v. SSP Amer., Inc., 2011

4

WL 1204406, at *6 (E.D.N.Y. Mar. 29, 2011) (collecting cases). Some discovery is required to determine whether Plaintiffs fall under this exception.

### 2. Hours Worked

Both Gomez and Cortes claim to have typically worked 40-45 hour work weeks over the span of approximately five days without the benefit of overtime pay. These allegations are insufficient to allege an FLSA violation, which requires – at a minimum – that each plaintiff plead the existence of a workweek during which his compensable hours exceeded 40 and during which he was paid for 40 hours or less. See, e.g., 29 U.S.C. 207(a)(1); Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106, 114 (2d Cir. 2013) (affirming dismissal of overtime wages claim where "Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours").

The "approximate" five day work week cited by Plaintiffs could as easily be four days as six, such that this approximation does not approximate (or even establish) *overtime* hours. See Nakahata v. New York Presby. Healthcare Sys. Inc., 723 F.3d 192, 201 (2d Cir. 2013) ("[A]bsent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim" under the FLSA).

Substitution of the proposed amended complaint for the initial complaint would therefore be futile. Rather than dismiss the complaint, however, this Court thinks it more efficient to grant Plaintiffs a second (and final) opportunity to replead the allegations to include additional details regarding the type of schedule they typically worked and the amount of overtime pay typically or periodically withheld. See, e.g., Wolman v. Catholic Health Sys. of Long Island, Inc., 2010 WL 5491182, at *6-7 (E.D.N.Y. Dec. 30, 2010) (permitting the filing of a Third Amended Complaint due to liberal amendment rules where defects in FLSA overtime claims found "potentially curable"), rev'd on other grounds sub nom. Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106 (2d Cir. 2013).

Defendant's remaining claims are without merit.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied without prejudice. Plaintiffs are permitted leave to file a second proposed amended complaint no later than October 21, 2016. The parties are directed to appear on October 25, 2016 at 9:30am.

Dated: October 17, 2016 _____/s_____
      Brooklyn, NY                   Sterling Johnson, Jr., U.S.D.J.